UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-00893-UA (OP)** | Date | **May 22, 2013** |
|---|---|---|---|
| Title | **Brandon T. Collins v. John Salazar, et al.** | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | |
|---|---|---|
| Dana Castellanos | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** **IN CHAMBERS: ORDER TO SHOW CAUSE**

# I.
# Proceedings

On May 10, 2013, in the Eastern District of California, Brandon T. Collins ("Plaintiff") lodged for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983, along with an *in forma pauperis* application in order to proceed without payment of the full filing fee. (ECF Nos. 1, 2.) On May 14, 2013, an order was issued transferring the Complaint and *in forma pauperis* application to this District. (ECF No. 3-5.)

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court must examine a complaint for the purpose of determining whether the action is frivolous or malicious fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, regardless of whether a prisoner prepays filing fees or requests to proceed *in forma pauperis*. See 28 U.S.C. §§ 1915(e)(2), 1915A(a), (c); 42 U.S.C. § 1997e(c)(1). Review under § 1915(e) for failure to state a claim is governed by the same standard applied in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-00893-UA (OP)** | Date | **May 22, 2013** |
|---|---|---|---|
| Title | **Brandon T. Collins v. John Salazar, et al.** | | |

For the reasons set forth below, Plaintiff is ordered to show cause why this matter should not be dismissed.

## II.
## Discussion

A.   **Summary of Plaintiff's Allegations.**

In the Complaint, Plaintiff names the following Defendants: (1) John F. Salazar, Warden of Chuckawalla State Prison ("CSP"); (2) Correctional Officer ("CO") J. Marquez; (3) CO M. Gomez; (4) CO L. Adams; and (5) Lieutenant J. Herrera. Defendants are sued in their individual capacities. Plaintiff alleges violations of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution based on the alleged denial of his ability to call witnesses and present exculpatory evidence during a rules violation hearing. Plaintiff seeks injunctive and declaratory relief. (Compl. at 1, 4-5.)

Plaintiff alleges that on May 21, 2009, while he was housed at CSP, he was in his cell with inmates Walker and Brown talking and looking at photographs. Defendant Adams was conducting count at the time. After count was finished, Defendant Adams called Plaintiff to the officer's podium, informed Plaintiff that he had exposed his crotch area to her, and was going to issue Plaintiff a rules violation report. The following day, Plaintiff was placed in administrative segregation for indecent exposure. On May 26, 2009, Defendant Gomez served Plaintiff with a serious rules violation report for indecent exposure. Defendant Gomez asked Plaintiff if he wanted her to be his investigative employee. Plaintiff responded that he did. Plaintiff then indicated that he wanted inmates Walker and Brown as witnesses. (Id. at 6, 7.)

On August 6, 2009, Defendant Marquez stated that he had been assigned to be Plaintiff's new investigative employee. Defendant Marquez indicated that he would be obtaining statements from inmates Walker and Brown. (Id. at 7.)

On August 10, 2009, Plaintiff appeared before Defendant Herrera for a disciplinary hearing. Plaintiff was informed that inmates Walker and Brown had been paroled and were not available for the hearing. Defendant Herrera denied Plaintiff's request to have inmates Walker and Brown present, determining that there was sufficient evidence based on the statement by Defendant Adams to support a finding that Plaintiff was guilty of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-00893-UA (OP)** | Date | **May 22, 2013** |
|---|---|---|---|
| Title | **Brandon T. Collins v. John Salazar, et al.** | | |

indecent exposure charge. Thus, Defendant Herrera determined that inmates Walker and Brown would provide no relevant testimony or evidence. (Id. at 8-9, Exs. A-E.[1])

**B.      The Complaint Is Subject to Dismissal for Failure to State a Claim Based on Respondeat Superior Liability.**

Supervisory personnel are not individually liable under § 1983 on a theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be personally liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Vague and conclusory allegations are insufficient to state a valid claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In the Complaint, Plaintiff names as one of the Defendants CSP Warden Salazar. (Compl. at 4, 5) However, Plaintiff fails to allege any specific facts to establish that Defendant Salazar was personally involved in a constitutional deprivation or that there was a sufficient causal connection between the alleged wrongful conduct and the constitutional violation. See Redman, 942 F.2d at 1446-47. Thus, the Complaint fails to state a claim based on supervisory liability against Defendant Salazar.

---

[1] Although the scope of review generally is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). Exhibits that contradict the allegations of a complaint may fatally undermine those allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-00893-UA (OP)** | Date | **May 22, 2013** |
|---|---|---|---|
| Title | **Brandon T. Collins v. John Salazar, et al.** | | |

**C.      The Complaint Is Subject to Dismissal For Failure to State a Fourteenth Amendment Due Process Claim.**

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  U.S. Const. amend XIV.  A plaintiff alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989); Ingraham v. Wright, 430 U.S. 651, 672, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002); Brewster v. Bd. of Educ., 149 F.3d 971, 982 (9th Cir. 1998).

The procedural due process protections applicable to a prison disciplinary proceeding as a matter of clearly established Supreme Court law were set forth by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).  There, the Supreme Court held that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  McDonnell, 418 U.S. at 556 (citation omitted).  The Supreme Court further held, however, that before a prisoner may be deprived of his liberty interest in good time credits,[2] due process requires five minimal protections:  (1) written notice of the charges in order to inform the inmate of the charges and to enable him to marshal the facts and prepare a defense, id. at 564; (2) at least a brief period of time after the notice, no less than 24 hours, to allow the inmate to prepare for the appearance before the hearing, id.; (3) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action, id.; (4) the ability to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, id. at 566; and (5) where an illiterate inmate is involved, or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the

---

   [2] Pursuant to the California Code of Regulations, "Good time credit" is defined as: "Credit for a DSL [Uniform Determinate Sentencing Act of 1976] prisoner's good behavior and participation in prison program received pursuant to [California] Penal Code section 2910, et seq.  Good time credit advances the DSL release date." Cal. Code Regs. tit. 15, §§ 2000 (b)(37), (51)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-00893-UA (OP)** | Date | **May 22, 2013** |
|---|---|---|---|
| Title | **Brandon T. Collins v. John Salazar, et al.** | | |

case, the inmate should be free to seek the aid of a fellow inmate, or to have adequate substitute aid from the staff or from a competent inmate designated by the staff, id. at 570. Once these protections have been provided, due process is satisfied if there is "some evidence" in the record that could support the conclusion reached by the officials. Toussaint v. McCarthy, 801 F.2d 1080, 1104-05 (9th Cir. 1986) (citing Superintendent v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985)).

In the Complaint, Plaintiff also names as Defendants CO Marquez, CO Gomez, CO Adams, and Lt. Herrera. As set forth above, Plaintiff's claims are based on the alleged denial of his ability to call witnesses and present exculpatory evidence during a rules violation hearing. However, the allegations and exhibits establish that only Defendant Herrera was responsible for denying Plaintiff's request to present the testimony or statements of inmates Walker and Brown. (Compl. at 6-9, Exs. A-E.) As a result, the Complaint fails to state a claim against Defendants Marquez, Gomez, and Adams.

Further, as to Defendant Herrera, no due process claim is established when prison officials reasonably conclude that calling witnesses would not have been helpful to the determination and refuse the request. See Davies v. Valdes, 462 F. Supp. 2d 1084, 1093 (C.D. Cal. 2006) (citing Wolff, 418 U.S. at 566 (holding that prison officials can refuse witnesses where they would be irrelevant or unnecessary). That is precisely the case here. Defendant Herrera denied Plaintiff's request to have inmates Walker and Brown present, determining that there was sufficient evidence based on the statement by Defendant Adams to support a finding that Plaintiff was guilty of the indecent exposure charge. As a result, Defendant Herrera determined that inmates Walker and Brown would provide no relevant testimony or evidence. (Compl. at 8-9, Exs. A-E.) Thus, the Compliant fails to state a claim against Defendant Herrera.

### III.
### Conclusion

Based the foregoing, Plaintiff is ordered to show cause on or before June 21, 2013, why his *in forma pauperis* application should not be denied for failure to state a claim for relief. If Plaintiff still wishes to pursue this action, he shall also have until June 21, 2013, to file an amended Complaint, attempting to cure the defects in the Complaint. The amended Complaint shall be complete in itself and must remedy the deficiencies discussed herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 13-00893-UA (OP) | Date | May 22, 2013 |
|---|---|---|---|
| Title | Brandon T. Collins v. John Salazar, et al. | | |

Failure to comply with the requirements of this OSC will result in a recommendation that the *in forma pauperis* application be denied for failure to state a claim on which relief may be granted, for failure to prosecute, and/or for failure to comply with a court order.

The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and a blank *in forma pauperis* application.

**IT IS SO ORDERED.**


cc:  All Parties of Record

                                        Initials of deputy clerk      jh-relief